UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRENDA K. SANDERS; ERIC A. SANDERS,
PERSONAL REPRESENTATIVE FOR THE
ESTATE OF LINDA S. SANDERS,
DECEASED,

                        Plaintiffs,

-against-

NEW YORK TIMES, ET AL.,

                        Defendants.

23-CV-2105 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff Brenda K. Sanders, who alleges that she is a licensed attorney and a former Michigan state court judge, brings this action *pro se*.[1] Also listed as a plaintiff on the caption of the amended complaint is Eric A. Sanders, who is described as a "personal representative for the estate of Linda S. Sanders." Because only Brenda Sanders signed the complaint and Brenda Sanders is listed as the sole plaintiff in the body of the complaint, the Court will treat Brenda Sanders as the sole Plaintiff in this action.[2] Plaintiff invokes the Court's diversity of citizenship

---

[1] Plaintiff filed the original complaint on March 12, 2023. (ECF 1.) On March 13, 2023, Plaintiff filed an amended complaint. (ECF 3.)

[2] The Court also notes that it is unclear whether Eric Sanders could bring *pro se* claims on behalf of the estate of Linda Sanders. The provision governing appearances in federal court, 28 U.S.C. § 1654, allows two types of representation: "that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself." *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (internal quotation marks and citation omitted). "[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to him." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998). But "when the administrator and sole beneficiary of an estate with no creditors seeks to appear *pro se* on behalf of the estate, [he] is in fact appearing solely on [his] own behalf, because [he] is the only party affected by the disposition of the suit." *Pappas v. Philip Morris, Inc.*, 915 F.3d 889, 893 (2d Cir. 2019) (citing *Guest v. Hansen*, 603 F.3d 15, 21 (2d Cir. 2010)). This is because the "assignment of the sole beneficiary's claims to a paper entity – the estate – rather than to the beneficiary herself, is only a

jurisdiction, 28 U.S.C. § 1332, asserting claims under state law. Named as Defendants are the New York Times, the Washington Post, Fox News, ABC News, NBC News, CBS News, and 60 Minutes. By order dated March 17, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3). Because Plaintiff is an attorney, she is not entitled to the solicitude generally given to *pro se* litigants. *See Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) ("[A] lawyer representing himself ordinarily receives no such solicitude at all.").[3]

To state a claim, a pleading must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint,

---

legal fiction." *Id.* (citing *Guest*, 603 F.3d at 21). Here, the complaint contains no indication that Eric Sanders is the administrator and sole beneficiary of the estate of Linda Sanders and that the estate has no creditors.

[3] The Court is generally obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

The following allegations are taken from the amended complaint. Plaintiff is an African American female, who is a licensed attorney and a former Michigan Judicial District Court judge. On March 12, 2020, she sent "email communications" to the Defendant media companies "reporting that she was being assaulted by the U.S. Military." (ECF 3, at 2.) She sent these emails to Defendants because they "published tip lines on the internet and on [their] website[s] for the purpose of advising persons who had tips about news events and how to communicate the information about a news story." (*Id.*) Also on March 12, 2020, Plaintiff "followed the instructions given by the Defendants and surrendered her videos and factual history about her victimization as a U.S. Military stalking victim and a victim of military assaults" via email. (*Id.*) Plaintiff again emailed the same submissions to Defendants on July 30, 2022, and again on

the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

The following allegations are taken from the amended complaint. Plaintiff is an African American female, who is a licensed attorney and a former Michigan Judicial District Court judge. On March 12, 2020, she sent "email communications" to the Defendant media companies "reporting that she was being assaulted by the U.S. Military." (ECF 3, at 2.) She sent these emails to Defendants because they "published tip lines on the internet and on [their] website[s] for the purpose of advising persons who had tips about news events and how to communicate the information about a news story." (*Id.*) Also on March 12, 2020, Plaintiff "followed the instructions given by the Defendants and surrendered her videos and factual history about her victimization as a U.S. Military stalking victim and a victim of military assaults" via email. (*Id.*) Plaintiff again emailed the same submissions to Defendants on July 30, 2022, and again on

November 13, 2022. Plaintiff also reported to Defendants that her twin sister, Linda Sanders, "died as a result of the military attacks." (*Id.* at 3.) Plaintiff maintains that "military attacks on civilians inside of the United States and particularly, on African American women" should "generate a large amount of public interest." (*Id.*)

Defendants failed to respond to Plaintiff's emails, to "investigate her story," or to "publish her story in [their] newspapers." (*Id.*) Plaintiff alleges that Defendants "ignored" her story, but "covered the stories of other sexual harassment female victims that were Caucasian." (*Id.*) By ignoring her story, Defendants "have engaged in a pattern of discrimination in [their] reporting that is discriminatory and hateful." (*Id.* at 4.) Plaintiff further asserts that Defendants' "failure to report the military attacks caused the military to continue to attack her twin sister [Linda Sanders] . . . which caused her death." (*Id.* at 3.) Plaintiff claims that the United States military "continues to try to kill [her] during daytime and nighttime attacks (*id.* at 3), and that "many other females, and even some males" are also "attacked by directed energy weaponry" (*id.* at 4). Plaintiff also reported "these attacks" to the Federal Bureau of Investigation, the Michigan State Police, and other media outlets.

Plaintiff's complaint references "common law tort claims" under New York state law. (*Id.* at 5.) The complaint enumerates claims for "intentional discrimination" (*id.* at 7), "gross negligence" (*id.* at 8), and intentional infliction of emotional distress (*id.* at 10). Elsewhere in the complaint, Plaintiff references possible additional claims for breach of contract and "intentional interference with business relations." (*Id.* at 7.) The complaint also includes a reference to Title VII of the Civil Rights Act of 1964, in connection with which Plaintiff alleges, "based on information and belief," that Defendants "hired employees for the subject positions that were outside of a protected class and/or the Defendants continued to report of incidents of

4

discrimination and sexual harassment involving female victims who were not of African American descent." (*Id.* at 8.)

Plaintiff alleges that, as a result of Defendants' actions and inactions, she "continues to suffer sustained reassignments, emotional distress, and mental anguish, past and future injuries to feelings including extreme embarrassment and humiliation, past and future outrage, damages to reputation, and whatever punitive damages are recoverable." (*Id.* at 7.)

Plaintiff seeks money damages.

## DISCUSSION

### A.     Subject matter jurisdiction

The subject matter jurisdiction of the federal district courts is limited and set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

1.      **Federal question jurisdiction**

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996). Here, the complaint does not specifically invoke the court's federal question jurisdiction. Rather, the complaint includes a single sentence in which Plaintiff states that she is asserting claims against Defendants under Title VII of the Civil Rights Act of 1964. (*See* ECF 1, at 8.) Title VII prohibits discrimination in employment based on an individual's race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e-2(a). Plaintiff fails to state a viable Title VII claim because she does not allege any type of employment relationship with any of the defendants. In addition, Plaintiff's other allegations, even construed liberally, do not suggest any viable claim under federal law.

2.      **Diversity of citizenship jurisdiction**

Nor does Plaintiff allege facts demonstrating that the Court has diversity jurisdiction of this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). An individual is a citizen of the State where he is domiciled. *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (defining domicile as the place where a person has "his true fixed home . . . and to which, whenever he is absent, he has the intention of

returning."). A corporation is a citizen "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business," § 1332(c)(1), and a limited partnership or other unincorporated entity possesses the citizenship of each of its members, *Americold Realty Trust v. Conagra Foods, Inc.*, 577 U.S. 378, 383 (2016). *See also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's principal place of business is its "nerve center," usually its main headquarters).

In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006).

Here, Plaintiff sues multiple corporate defendants. She provides what appear to be the addresses of each defendant's corporate headquarters, but she does not allege the state or states in which each defendant has been incorporated. Plaintiff has therefore failed to satisfy her burden of demonstrating complete diversity of citizenship between the parties.

Furthermore, Plaintiff does not allege facts suggesting that her claims meet the $75,000 jurisdictional amount for the Court to exercise diversity jurisdiction. There is in this Circuit "a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir. 1999). But where a complaint does not contain facts plausibly suggesting that the amount in controversy meets the jurisdictional minimum, the Court is not required to presume that the bare allegations in the complaint are a good faith representation of the actual amount in controversy. *See Weir v. Cenlar FSB*, No. 16-CV-8650, 2018 WL 3443173, at *12 (S.D.N.Y. July 17, 2018) (reasoning that "the jurisdictional amount, like any other factual allegation, ought not to receive the presumption of truth unless it is supported by facts rendering

it plausible") (citing *Wood v. Maguire Auto. LLC*, No. 09-CV-0640, 2011 WL 4478485, at *2 (N.D.N.Y. Sept. 26, 2011), *aff'd*, 508 F. App'x 65 (2d Cir. 2013) (summary order)).

Plaintiff asserts that the amount in controversy exceeds $75,000 "based on the injuries and damages" that she suffered, (ECF 1, at 6), but she does not state the actual amount of damages that she is seeking. Furthermore, Plaintiff does not allege facts plausibly suggesting a viable legal claim that would allow her to recover damages that would satisfy the $75,000 amount-in-controversy requirement.

Because Plaintiff has failed to allege facts showing that the Court has either federal question or diversity jurisdiction of this matter, the Court dismisses Plaintiff's complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) ("A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists.").

**B.     Plaintiff's claim appears to have no basis in law or fact.**

Even if Plaintiff could meet the requirements to establish that the Court has diversity jurisdiction of this action, she fails to allege facts suggesting a plausible claim for relief. Under the IFP statute, a court must dismiss a case if it determines that the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). A claim is "frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston*, 141 F.3d at 437 (internal quotation marks and citation omitted). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks).

The Court, after reviewing Plaintiff's complaint, finds that it presents no arguable basis in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Plaintiff's generalized assertions – that the United States military is attempting to kill her and that the defendant media companies have failed to report her allegations – do not provide any plausible factual support for a viable legal claim and appear to rise to the level of the irrational. *See Livingston*, 141 F.3d at 437; *see also Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."). Plaintiff has pleaded no factual predicate showing that Defendants have violated her rights. Moreover, there is no basis in state or federal law for Plaintiff's legal theory that a media company has a legal obligation to investigate or report any and all news tips reported to it by a private citizen. The Court therefore also dismisses the complaint as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

**C.     Leave to amend is denied**

Generally, a court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted)). As an attorney, Plaintiff is not entitled to the solicitude given to *pro se* litigants. *See Tracy*, 623 F.3d at 102. Moreover, a court has inherent power to dismiss without leave to amend or replead in "where . . . the substance of the claim pleaded is frivolous on its face," *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988) (citation omitted), or where amendment would otherwise be futile, *Hill v. Curcione*, 657 F. 3d 116, 123-24 (2d Cir. 2011); *see also Shapiro v. McManus*, 136 S. Ct. 450, 455-56 (2015) (holding that federal-question jurisdiction is lacking where the claims are "wholly

9

insubstantial and frivolous," "essentially fictitious," or "obviously without merit" (internal quotation marks and citations omitted)). Because Plaintiff's claims cannot be cured with an amendment, the Court declines to grant leave to amend and dismisses the action for lack of subject matter jurisdiction and as frivolous.

## CONCLUSION

The Court dismisses the amended complaint for lack of subject matter jurisdiction and as frivolous. *See* Fed. R. Civ. P. 12(h); 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this action.

SO ORDERED.

Dated:  May 30, 2023
        New York, New York

                                            /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                           Chief United States District Judge